UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. AUSTIN, | |
| Plaintiff, | No. 18 C 07268 |
| v. | Judge Thomas M. Durkin |
| CITY OF CHICAGO, et al., | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on several motions filed by the Defendants in response to continued non-cooperation in discovery by the Plaintiff. The Court now issues the following rulings: Defendants' motion to compel, R. 169, is granted in part. Defendants' third motion to compel, R. 193, is granted in part. Defendants' motion for a protective order, R. 186, is granted. Defendants' motion to extend discovery, R. 195, is granted. Plaintiff's motion to dismiss Defendants' joint motion for a protective order, R. 197, will be construed as his response to the motion for a protective order—to the extent that submission seeks other relief beyond denial of Defendants' motion, it is denied. These rulings are described in greater specificity below. Plaintiff is advised to review this order in its entirety and comply with its directions or his case will be dismissed.

### Background and Procedural History

This case was originally filed October 31, 2018. After a temporary stay and extensive motion practice, the Court dismissed several claims from Plaintiff's

1

complaint. *See* R. 68, 131. Defendants filed an Answer to Plaintiff's § 1983 claims on January 19, 2021, and the Court entered a scheduling order setting a discovery cutoff date of October 4, 2021. R. 134.

On October 1, 2021, Defendants filed a motion to compel, asserting that they had not received any responses to the discovery requests served on Plaintiff on March 3, 2021.[1] R. 169. Around that same time, Plaintiff filed a motion seeking an extension of the discovery deadline. R. 171. The Court held a telephonic status hearing on October 29, 2021, in which it extended the discovery cutoff date to January 31, 2022. On that call, Plaintiff indicated that he had previously sent copies of his discovery responses to Defendants, although Defendants professed no record of having received them. The Court ordered Plaintiff to re-send his responses to Defendants' interrogatories and requests for production by November 12, 2021.

On December 15, 2021, the Court held a hearing on Defendants' second motion to compel, R. 181, and Plaintiff's motion to quash the subpoena for deposition, R. 178. Defendants' provided copies of Plaintiff's responses to their interrogatories and requests for production, which consisted entirely of six general objections. The Court granted the motion to compel and ordered Plaintiff to serve new, substantive responses to Defendants' discovery requests by January 3, 2021, or his case would be

---

[1] Defendants had previously served these same discovery requests on February 22, 2019.

dismissed.[2] The Court also denied Plaintiff's motion to quash and instructed the parties to confer on a date for a deposition (to take place in the federal courthouse) after receipt of Plaintiff's supplemental responses.

On December 29, 2021, Defendants filed a motion for a protective order pertaining to Plaintiff's first set of Rule 36 requests for admission, which Defendants asserted were improper under Rule 36. R. 186. Then on January 6, 2022, Defendants filed a third motion to compel or dismiss, asserting that Plaintiff's supplemental responses to their interrogatories remained deficient, and that Plaintiff had not provided any supplemental responses to their requests for production. At a telephone conference on January 7, 2022, the Court ordered Plaintiff to respond to both motions by January 28, 2022, or his case would be dismissed. The Court set a new status date of February 23, 2022 and stated that a date for Plaintiff's deposition would be set at that time if the case had not been dismissed. On January 28, Plaintiff filed a submission titled "Motion to dismiss Defendant's joint motion for a protective order," which contained some discussion of the subject matter of Defendants' motion, along with other extraneous material. R. 197.

Finally, on January 31, 2022, Defendants filed a motion for an extension of time to complete discovery. R. 195. The motion noted that while the Court had

---

[2] The Court excluded two requests from its order, request for production 14 (seeking Plaintiff's tax returns from 2014 to the present) and request for production 15 (seeking Plaintiff's personal journal).

impliedly vacated the 1/31/22 discovery cutoff at the January 7 status hearing, that was not reflected in the accompanying minute order.

## Discussion

1. Defendants' First Motion to Compel (R. 169)

Defendants' original motion to compel asserted that they had not received any responses to the discovery requests served on Plaintiff. The Court previously ordered Plaintiff to respond, and Plaintiff has now done so, albeit to varying degrees of completeness. This motion is therefore largely redundant with the more recent motions concerning Plaintiffs' supplemental responses. Consistent with the remainder of this opinion, to the extent Plaintiff has yet to provide meaningful responses to specific discovery responses, this motion is granted. The remainder of the motion is denied as moot.

2. Defendants' Third Motion to Compel (R. 193)

Despite the Court's instruction, Plaintiff did not include any cognizable response to the motion to compel in his January 28 submission. Nonetheless, the Court has reviewed Plaintiff's most recent supplemental discovery responses (submitted with Defendants' motion), and finds that many of them are wholly deficient, and in several instances highly inappropriate. For example, interrogatory #1 sought Plaintiff's name, age, address, last four digits of his social security number, date of birth, and place of birth. Plaintiff's response provided some of the requested information, but also objected to this interrogatory as "abusive discovery tactics" and said it was "Ridiculous as Hell" and "Wasting My MF* Time!!!" Plaintiff objected to nearly every other interrogatory as "abusive discovery tactics," though he supplied

4

limited substantive responses (e.g., identifying purported witnesses to his arrest and providing an alleged calculation of certain damages). He also directed Defendants to various filings on the docket which he claimed contained the requested information. His responses to interrogatories 16 through 27 contain no substantive information, only "Objection: Abusive Discovery Tactics, etc." Plaintiff did not submit any supplemental responses to Defendants' requests for production and has not produced any of the requested documents.

Many of Plaintiff's responses are unacceptable. By any measure, the interrogatories Defendants served in this case would be considered routine, comparable to what would be exchanged in any case in this Court. It should go without saying that veiled curses and objections to requests as "ridiculous" are wholly inappropriate. Indeed, there are no grounds for many of Plaintiff's objections, and no indication that any of Defendants' conduct in discovery has been "abusive."

Furthermore, Plaintiff's citation to various filings on the docket in lieu of providing the requested information directly is improper. Rule 33 permits responding parties to specify in detail specific business records from which answers to interrogatories may be ascertained. Fed. R. Civ. P. 33(d). However, the documents Plaintiff has cited to were not produced in the ordinary course of discovery and likely do not constitute "business records." Plaintiff also has not provided specific instructions as to where the information is located in these documents (many of which contain pages of irrelevant information). Citation to records in an interrogatory response is not "a procedural device for avoiding the duty to give information by

shifting the obligation to find out whether information is ascertainable from the records which have been tendered." *Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972). The interrogatories at issue are sufficiently simple that Plaintiff should be able to provide straightforward answers without resort to unrelated document citations.

Accordingly, Defendants' motion to compel is granted in part as follows: No later than February 23, 2022, Plaintiff is to provide supplemental responses to Defendants' interrogatories and requests for production, including the production of any responsive documents in his possession. Plaintiff's responses must provide the requested information directly to the extent not already provided. Citation to Plaintiff's complaint or "Investigation Reports" will not be accepted. As the Court previously indicated, Plaintiff is not required to produce his tax returns (request for production 14) or his personal journal (request for production 15). If Plaintiff is not in possession of any of the information or documents requested, he should so state. Failure by Plaintiff to provide satisfactory responses by this date will result in dismissal of his case. Likewise, continued objections without proper grounds or inclusion of vulgar, harassing, or inflammatory language in his responses will result in dismissal of his case.

    3. <u>Defendants' Motion for a Protective Order (R. 186)</u>

Defendants seek a protective order obviating their obligation to respond to the 72 requests for admission Plaintiff served on December 1, 2021. They argue that these requests are largely improper and irrelevant.

6

The purpose of requests for admission under Rule 36 is to "narrow the issues to be resolved at trial by effectively identifying and eliminating those matters on which the parties agree." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987). They are not intended to be a discovery device for obtaining information. *See SEC v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012). The requested admissions must be relevant to the triable issues in the case. *See Burns v. Phillips*, 50 F.R.D. 187, 188 (N.D. Ga. 1970).

The Court construes Plaintiff's motion to dismiss Defendants' motion for a protective order as his response to said motion. The bulk of the response is unrelated to that motion, either repeating material from Plaintiffs' previous filings or reciting unrelated facts that allegedly support Plaintiff's various claims (including those the Court has already dismissed). To the extent Plaintiff seeks additional relief beyond denial of Defendants' motion through his submission, it is denied.

The portions that relate to the motion for a protective order contain few meaningful responses to Defendants' arguments, instead largely accusing them of professional and criminal misconduct. Plaintiff focuses on those requests for admission related to Defendants' acceptance of service of his original complaint, a matter which has already been litigated in this case. *See* R. 21, 131.

Plaintiff's requests are improper. Many of them seek vague admissions as to different aspects of the legal process, such as the application of certain Federal Rules of Civil Procedure or Federal Rules of Evidence. For example, several requests seek admissions as to the application of Federal Rule of Evidence 902 to various documents

7

Plaintiff has filed in this case. Such requests do not seek to establish uncontested facts for the purposes of trial.

Another category seeks admissions of legal conclusions or are argumentative. For example, request 15 seeks an admission that Plaintiff's original complaint "contained 'sufficient factual matter' for the court to draw Reasonable Inference that the Defendants are Liable for the Misconduct Committed against the Plaintiffs." Request 19 seeks an admission that "the Defendants were Co-Conspirators in the Criminal Offenses committed against the Plaintiffs." Request 72 seeks an admission that "the Defendants Have NO Evidence to Present at Trial to Support any Affirmative Defense; or that Plaintiffs Failed to Mitigate their Damages." These are likewise improper. *See Nutmeg Grp.*, 285 F.R.D. at 405.

To the extent Plaintiff seeks admissions of purely factual matters, they appear to be irrelevant to the issues in this case, which center on Plaintiff's arrest in February of 2018. Requests for admission are limited to matters within the scope of Rule 26(b)(1). Fed. R. Civ. P. 36(a)(1). The Court finds that these requests are unrelated to any party's claim or defense and need not be responded to.

Accordingly, Defendants' motion for a protective order is granted, and the Court strikes Plaintiff's first set of requests for admission. Plaintiff may serve new discovery requests, but they must comply with the applicable discovery rules.

  4. <u>Defendants' Motion for Extension of Time to Complete Discovery (R. 195)</u>

At the time of the Court's January 7, 2022 status hearing, the discovery cutoff in this case was set for January 31, 2022. At that hearing, the Court indicated that a new date for Plaintiff's deposition would be set at a status hearing scheduled for

8

February 23, 2022. However, the Court's accompanying minute order was silent as to the general discovery deadline, prompting Defendants to file their motion, since discovery would not be concluded by that date. The Court grants Defendants' motion for an extension and vacates the January 31, 2022 discovery cutoff. A new cutoff date will be set at the February 23 status hearing.

## Conclusion

As the Court has repeatedly explained to Plaintiff, the core set of operative facts in this case relates to his February 2018 arrest, which Plaintiff alleges was a violation of his constitutional rights. Those claims that survived prior motions to dismiss all stem from this specific incident, and Plaintiff is strongly advised to focus his attention there. Plaintiff's numerous filings and citations to unrelated information and allegations make it increasingly difficult to advance his remaining claims. While Plaintiff is eager to make his case before a jury, a trial remains a long way off. The first task is completing discovery, which requires Plaintiff's participation and cooperation. Defendants will also have the right to file a motion for summary judgment, and Plaintiff will have the opportunity to respond with whatever facts and arguments he develops through discovery. Continued combativeness and shirking of his responsibilities as a *pro se* litigant will not help his case.

Plaintiff is ordered to comply with his discovery obligations as set out in the foregoing opinion. Failure to comply with this order or with any other applicable discovery rule will result in dismissal of his case. Plaintiff is further warned that his nonappearance at the Court's February 23, 2022 status hearing, or his

9

nonappearance at any deposition ordered by the Court, will result in dismissal of his case.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: February 2, 2022