UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. AUSTIN, | |
| Plaintiff, | No. 18 C 07268 |
| v. | Judge Thomas M. Durkin |
| CITY OF CHICAGO, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Robert A. Austin filed suit against the City of Chicago and various individuals asserting a variety of claims, including false arrest and civil conspiracy. Throughout the litigation, Mr. Austin has demonstrated an unwillingness to cooperate in the discovery process. His conduct has ranged from frustrating to outright abusive. Nonetheless, the Court has repeatedly overlooked these issues and given him leeway to advance his case. That leeway has run out, and Mr. Austin's refusal to cooperate has become untenable. Accordingly, the Court now exercises its own inherent authority and dismisses Mr. Austin's case with prejudice.

District courts possess inherent authority to impose sanctions, including dismissal of a case, for discovery violations or bad faith conduct in litigation. *Greviskes v. Univ. Research Ass'n, Inc.*, 417 F.3d 752, 758-59 (7th Cir. 2005). Because dismissal for failure to cooperate in discovery is a severe sanction, it is appropriate only when the record demonstrates "willfulness, bad faith, or fault" on the part of the plaintiff. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). "Factors

1

relevant to determining whether dismissal is an appropriate sanction include 'the plaintiff's pattern of and personal responsibility for [his misconduct], the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit.'" *Mojapelo v. Nat'l R.R. Passenger Corp.*, 2018 WL 10809373, at *1 (N.D. Ill. Feb. 22, 2018) (quoting *Pendell v. City of Peoria*, 799 F.3d 916, 917-18 (7th Cir. 2015)). A court should ordinarily warn a plaintiff of the possibility of dismissal before imposing such a sanction. *See Brown*, 664 F.3d at 192.

Mr. Austin's history of non-cooperation in discovery is outlined in the Court's previous orders. *See, e.g.*, R. 200. This has included the assertion of unfounded objections to routine discovery requests, the failure to provide complete answers to such requests, and the inclusion of vulgar and harassing language in his responses. His demands have necessitated rescheduling of his deposition and long delays in completing discovery. Because Mr. Austin is proceeding *pro se*, he is solely responsible for this behavior.

The willfulness of Mr. Austin's conduct is evident from its repetition, even in the face of court orders. Notably, after being warned that repeated inclusion of vulgarity in his discovery responses would result in dismissal of his case, he nonetheless copied the exact same offending language into his supplemental responses. Additionally, despite being warned that failure to provide basic information, or that citation to unrelated information filed on the docket, would result in dismissal of his case, Mr. Austin continued to do so in his supplemental responses. The result has been serious prejudice to Defendants' efforts to investigate and defend

2

against Mr. Austin's claims. They have incurred substantial unnecessary costs in bringing multiple discovery motions, nearly all of which have been granted. Defense counsel have also endured baseless attacks on their professional character, both in Mr. Austin's written submissions and during his appearances before this Court.

Despite this obstruction, the Court has given Mr. Austin every opportunity to pursue his claims. This extended up to the Court's status hearing on March 2, 2022, in which the Court denied Defendants' most recent motion to compel, effectively excusing Mr. Austin's failure to complete written discovery notwithstanding the prejudice to Defendants. The Court instructed the parties to proceed with his deposition. However, Mr. Austin refused to engage in a good faith effort to schedule that deposition, insisting that he would not accept phone calls, texts, or emails from defense counsel for scheduling purposes, and that all communication occur by mail.

This would be an unreasonable demand in any scenario. Here, when the Court had already granted Mr. Austin's request that the deposition take place in the courthouse building, rather than at defense counsel's office, because of his concern over the "antics" of Defendants and their attorneys,[1] it would be a logistical impossibility. Mr. Austin's flat refusal to accommodate basic discovery practices offers no indication that lesser sanctions would be effective.

Given the multiple warnings over the course of several months that he faced dismissal of his case, Mr. Austin's continual refusal to cooperate cannot be considered

---

[1] As the Court has previously stated, defense counsel's conduct in this case has been entirely appropriate.

anything other than bad faith. Dismissal is appropriate in such a scenario. The Court recognizes the severity of this sanction but cannot tolerate this behavior any longer. For these reasons, Mr. Austin's case is dismissed with prejudice. All other outstanding motions in this case are denied as moot.

Notice of Appeal Rights

Plaintiff is advised that this is a final decision ending his case in this Court. If he wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: March 2, 2022